UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: ROOSEVELT HARDAWAY and
    CAROLYN HARDAWAY, Debtors     CASE NO. 08-10880-DWH

IN RE: ELLA JOE WALKER, Debtor     CASE NO. 08-13736-DWH

LOCKE D. BARKLEY, in her official capacity
as Chapter 13 Trustee; TERRE M. VARDAMAN,
in her official capacity as Chapter 13 Trustee; and
LOCKE D. BARKLEY and TERRE M.
VARDAMAN, on behalf of those similarly situated     PLAINTIFFS

VERSUS     ADV. PROC. NO. 09-1156-DWH

HOMECOMINGS FINANCIAL, LLC and
GMAC MORTGAGE, LLC     DEFENDANTS

OPINION

On consideration before the court is a motion to dismiss, filed pursuant to Rule 12(b)(1) and Rule 12(b)(6), Federal Rules of Civil Procedure, by the defendants, Homecomings Financial, LLC, ("Homecomings") and GMAC Mortgage, LLC, ("GMAC"); a response thereto having been filed by the plaintiff trustees, Locke D. Barkley and Terre M. Vardaman; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157, as well as, the General Order of Reference issued by the United States District Court for the Northern District of Mississippi on

July 27, 1984. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (C), (E), and (O).

## II.

In summary, the plaintiffs allege in their "Adversary Class Action Complaint" that the defendants, Homecomings and GMAC, filed proofs of claim and amended proofs of claim through which they sought the payment of escrow shortages and, in the same claims, sought the payment of delinquent monthly installments which included the same escrow shortages, in effect, seeking the payment of the escrow shortages twice. The plaintiffs, who are both standing Chapter 13 Trustees, contend that, based on these inflated proofs of claim, they made excessive payments to the defendants.

In their motion to dismiss, the defendants assert that the issues raised by the plaintiffs should be construed only as contested proceedings rather than as an adversary proceeding. The court would surmise that the defendants' approach is based on a strategy, well reasoned or not, that if the plaintiffs' claims are only contested proceedings that class certification is less likely to be granted.

## III.

Since this is a motion to dismiss filed by the defendants pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure[1], the court must construe the complaint liberally in favor of the plaintiffs as the non-moving parties and assume the truth of all pleaded facts. *Oliver v. Scott*, 276

---

[1] Hereinafter, all Rule citations shall be considered as the Federal Rules of Civil Procedure unless specifically designated otherwise.

F.3d 736, 740 (5th Cir. 2002); *Frank v. Delta Airlines, Inc.*, 314 F.3d 195 (5th Cir. 2002); and *In re Harris*, 297 B.R. 61, 64 (Bankr. N.D. Miss. 2003).

"[T]he court may not dismiss the complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 880 (1957). "The standard for dismissal under Rule 12(c) is the same as that for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

IV.

In the complaint, the following claims for relief are asserted, to-wit:

1. The plaintiffs seek recovery of the overpayments that they made to the defendants or, alternatively, the disgorgement of those payments. The court is of the opinion that this claim for relief is indeed an adversary proceeding as contemplated by Rule 7001(1), Federal Rules of Bankruptcy Procedure, which denominates an adversary proceeding as one "to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002."

2. The plaintiffs object to the defendants' claims pursuant to §502(b)(1) of the Bankruptcy Code and Rule 3007, Federal Rules of Bankruptcy Procedure. Standing alone, these objections are clearly contested proceedings. However, Rule 3007(b) provides that, "[A] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Since the court has already concluded that the plaintiffs' claim for the recovery of the excessive payments is appropriately filed as an adversary proceeding, there is no prohibition against the plaintiffs including their objections to the defendants' claims in the

same adversary proceeding. Indeed the recovery theory is dependant upon the success of the objections to the defendants' claims.

3. The plaintiffs seek the reconsideration of the defendants' claims, which were previously allowed, pursuant to §502(j)[2] of the Bankruptcy Code and Rule 3008, Federal Rules of Bankruptcy Procedure. The court's comment regarding this claim for relief is identical to the comment following the plaintiffs' second claim for relief.

4. The plaintiffs initially made a claim for relief pursuant to the Fair Debt Collection Practices Act. Pursuant to footnote no. 1 set forth in their response to the defendants' motion to dismiss, the plaintiffs consent to this claim being dismissed without prejudice.

5. The plaintiffs seek sanctions against the defendants in an amount sufficient to deter the defendants' conduct which the plaintiffs describe as a practice of knowingly and willfully filing excessive claims which constitutes an abuse of the bankruptcy process. Although this proceeding is still in its formative stages, this claim may conceivably be redressed pursuant to the bankruptcy court's equitable powers conferred pursuant to §105(a).

6. The plaintiffs seek declaratory relief that the defendants' practices violate the Bankruptcy Code coupled with a request for injunctive relief to enjoin the defendants from engaging in this conduct in the future. The plaintiffs also request an accounting and again seek the "turnover" of the excessive fees that they allegedly paid to the defendants which is similar to the relief requested in their first claim for relief. These allegations, if provable by admissible evidence, form the basis of adversary proceedings as defined in Rules 7001(7) and (9), Federal Rules of Bankruptcy Procedure, to-wit:

> (7) A proceeding to obtain an injunction or other equitable relief, except when a Chapter 9, Chapter 11, Chapter 12, or Chapter 13 plan provides for the relief;
>
> (9) A proceeding to obtain a declaratory judgment relating to any of the foregoing;

7. The plaintiffs initially asserted a claim for violations of the automatic stay pursuant to §362(a)(3) of the Bankruptcy Code. Like the claim for relief pursuant

---

[2] Hereinafter, all Code sections will be considered as sections of the U.S. Bankruptcy Code unless specifically designated otherwise.

4

to the Fair Debt Collection Practices Act, the plaintiffs agreed that this claim could be dismissed without prejudice.

In summary, the court is of the opinion that the plaintiffs have set forth in their complaint the following claims upon which relief can be granted, to-wit:

1. A viable cause of action is asserted for either turnover or damages for the alleged overpayments made by the plaintiffs to the defendants because of the knowingly overstated proofs of claim. The objections to the defendants' claims and the requests for the reconsideration of those claims, previously allowed, are sufficiently related to the turnover/recovery of overpayments cause of action so that these two otherwise contested proceedings are includible in the adversary proceeding.

2. The claim that the defendants engaged in a systemic practice of knowingly and willfully filing excessive proofs of claim as an abuse of the bankruptcy process can be redressed pursuant to the bankruptcy court's equitable powers conferred upon the court pursuant to §105(a) of the Bankruptcy Code. The declaratory relief and injunctive relief are remedies which might necessarily follow a finding that the defendants indeed committed the described acts.

The court previously mentioned that it had subject matter jurisdiction over this proceeding. This conclusion is substantiated by the foregoing analysis of the plaintiffs' complaint. Consequently, insofar as the plaintiffs' uncertified class complaint is concerned, the defendants' motion to dismiss, pursuant to Rule 12(b)(1), is not well taken.

V.

The court, however, is not satisfied with the structure of the plaintiffs' complaint which obviously seeks certification of a nationwide class presumably of Chapter 13 trustees who have encountered similar experiences with the named defendants. While the overall effect of the defendants' conduct appears to be similar, the court cannot discern, within a reasonable degree of certainty, whether their methodologies are substantially the same. The court recognizes that the plaintiffs have alleged that Homecomings and GMAC are affiliated and share common

5

ownership, but the court would like to ascertain whether these two defendants have identical procedures that they utilize when filing proofs of claim in bankruptcy cases. If there is no substantially identical common thread in practice and procedure running between these two entities other than affiliation and common ownership, then attempting to certify this proceeding as a class action with two separate defendants would appear to be an administrative nightmare. Perhaps the filing of two separate complaints with a single defendant in each proceeding would result in a cleaner, more manageable, approach. The court will address this concern with the parties in a subsequent telephonic conference.

## VI.

Having commented earlier on the efficacy of Rule 12(b)(1), the court will now address Rule 12(b)(6). As set forth hereinabove, the court is of the opinion that the complaint states causes of action upon which relief can be granted. At this stage of the proceeding, the court sees no need to address the defendants' argument that the plaintiffs have no right to seek class certification since they have no "private rights of action" to obtain relief for conduct that violates the Bankruptcy Code in general. The court has "crossed this bridge" in an earlier decision, *In re Harris*, 297 B.R. 61 (Bankr. N.D. Miss. 2003). While the court's overall opinion has not changed, this issue can be revisited when the requirements of Rule 23(a) are applied to test the plaintiffs' proposed class definition.

The defendants' Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss will be overruled by a separate order to be entered contemporaneously with this opinion.

This the 5th day of January, 2010.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE